Owen *v.* State.

OWEN *v.* STATE.

(*Nashville.*　March 3, 1891.)

CRIMINAL LAW.　*Erroneous charge as to reasonable doubt.　Requests.*

In a criminal case where the Court had instructed the jury rather meagerly and inaccurately upon the subject of reasonable doubt, it was error to refuse to give an additional instruction, at defendant's request, to the effect that "in order to convict the defendant you. must find that all the facts necessary to convict are proven to your satisfaction and beyond a reasonable doubt; and if after weighing, considering, and comparing all the testimony, both for the State and defendant, the jury cannot say that they feel an abiding confidence to a moral certainty of the guilt of the defendant, then they have a reasonable doubt, and they should acquit the defendant."

FROM ROBERTSON.

Appeal in error from Circuit Court of Robertson County.　A. H. MUNFORD, J.

S. A. WILSON and JOEL B. FORT for Owen.

Attorney-general PICKLE and L. T. COBB for State.

SNODGRASS, J.　In this case, which was for a similar offense, and in which the evidence was much the

same on the part of the State, the Judge charged as follows: "The law presumes every defendant to be innocent until his guilt is established beyond a reasonable doubt by proof. In other words, when the State prefers a charge against a citizen, before he can be convicted the burden of proof is upon the State to show by evidence to your satisfaction the guilt of the accused as charged."

This was error under rule just stated, but the Circuit Judge added: "If the proof satisfies you beyond a reasonable doubt that at any time previous to the finding of this indictment the defendant had carnal knowledge of Helen Randolph in Robertson County, and that at the time of such intercourse she was the daughter of his wife, the defendant is guilty, and you should convict him; if not, you should acquit."

The defendant was not satisfied with this, and asked the Court to charge specially that "in order to convict the defendant you must find that *all the facts* necessary to convict are proven to your satisfaction and beyond a reasonable doubt; and if, after weighing, considering, and comparing all the testimony both for the State and defendant, the jury cannot say that they feel an abiding confidence to a moral certainty of the guilt of defendant, then they have a reasonable doubt, and they should acquit the defendant."

This was the law, and was a proper addition and explanation of the charge given by the Court, and defendant was entitled to have it added as

45—5 p

written. The Circuit Judge, in his indorsement of this request, submitted to the jury: "This is the law, gentlemen, but when boiled down it simply means that if you are satisfied, from the proof in the case that the defendant is guilty as charged, you should convict; if not, you should acquit."

This is erroneous. The charge was correct as given, and did not need to be "boiled down," because it was itself an elaboration and addition to a former part of the charge because that was not full enough, and this was the defect to be cured; but the meaning given it in the explanation was erroneous. It did not "simply mean" that "if the jury was satisfied from the proof," it should convict. We have already shown that these words are not the equivalent of satisfied beyond a reasonable doubt, in the other case against defendant, and that it was error to so charge. See that case and authority there cited as to propositions determined in this.

For this error the judgment must be reversed and case remanded for a new trial.